## HARBECK *vs.* SYLVESTER & CAMMEYER.

The *grantee* of *demised premises* cannot maintain an action *in his own name*, upon a *guaranty* for the payment of the rent reserved in the lease, given to his grantor by a third person ; the suit must be in the name of his grantor. The *revised statutes* have not changed the law in this respect.

ERROR from the Albany mayor's court. Harbeck sued Sylvester and Cammeyer on a *guaranty*, endorsed on a lease executed by G. A. Lansing to W. Johnson, bearing date 28th January, 1828, demising certain premises in the city of Albany for the term of three years from the 1st May, 1828, with leave to the lessee to extend the term to five years, subject to an annual rent of $250, payable quarterly. On the day of the date of the lease, the defendants, under their hands and seals, executed a guaranty, endorsed on the lease, whereby they agreed with the lessor to fulfil, in case of failure by the lessee, all and singular the covenants in the lease contained to be fulfilled by the lessee. The lessor died, and his executors, by virtue of a power contained in his will, sold and conveyed the demised premises to the plaintiff on the 14th April, 1832. Johnson having elected to extend the term to five years, and having died in possession of the premises on the 5th March, 1832, the plaintiff brought this suit *in his own name*, claiming six months rent due 1st February, 1833. The plaintiff was *nonsuited*, on the ground that an action could not be maintained *in his name* on the guaranty. The plaintiff sued out a writ of error.

*J. King*, for the plaintiff, admitted that, as the law stood previous to the revised statutes, this action could not have been maintained ; but he insisted that by the last revision the law was changed, and that now a grantee of demised lands is in all respects placed upon the same footing with his grantor, in regard to the remedies which his grantor would have had for the recovery of the rent, had the reversion remained in him. Heretofore the only remedy given by statute

for non-payment of rent was by *entry ;* now a remedy is given by *action.* 1 *R. S.* 747, § 23.

*J. V. N. Yates,* for the defendant, insisted that the remedy by *action,* given by the revised statutes *for the recovery of rent,* manifestly applies only to *rent,* and not to a guaranty for the performance of covenants. The defendants *did not owe rent,* and therefore the action given by statute does not lay against them. It is not enough that a covenant is *concerning land ;* to make it run with the land, there must be a privity of estate between the covenanting parties. 3 *T. R.* 402.

*By the Court,* SAVAGE, Ch. J. It is conceded by the plaintiff's counsel, that previ us to the revised statutes, this action could not have been sustained ; but he insists that the suit in its present form is authorized by those statutes.

The section relied on, or so much of it as relates to this case, is in substance as follows : The grantees of any demised lands, rents, or of the reversion thereof, shall have the same remedies by entry, action, distress, or otherwise, for the non-performance of any agreement contained in the lease so assigned, or for the recovery of any rent, as their grantor had or might have had if such reversion had remained in such grantor. 1 *R. S.* 747, § 23. In other words, that the grantee shall have the same rights and remedies *upon the lease,* or by entry or distress, which the grantor had. The clause in the revised laws of 1813, to which reference is made, 1 *R. L.* 363, § 1, is substantially as follows, so far as this question is concerned : All persons being grantees or assignees by any other person or persons, of any lands, rents or reversions of the same, shall have and enjoy like advantages against the lessees, their assigns, or representatives, by entry for non-payment of rent ; and shall have the same advantages and remedies by action only, for not performing other conditions contained in their leases, against their lessees, &c. as the lessors and grantors themselves might have had, in like manner and form as if the reversion had remained in the same lessors or grantors. I confess I cannot see the difference, or that any greater

rights are conferred by the revised *statutes* than by the revised *laws*.

The grantee is substituted in the place of the grantor, for the purpose of any remedy by action, entry, distress or otherwise, for the non-performance of any agreement contained in the lease, of for the recovery of the rent; that is, he becomes privy in estate and in contract, and becomes substituted in the place of the grantor as to any remedies against parties or privies on the other side; but that gives him no remedy *in his own name* upon any *collateral contract* made with his grantor. The circumstance of this guaranty being written upon the back of the lease, does not make it *an agreement contained in the lease*, any more than if it had been written upon a separate paper. Neither does the fact, that the rents in question are the subject of the guaranty, make the guarantors parties or privies to the lease or to the demised premises. Suppose these guarantors had, by way of security, mortgaged their own estate, real or personal; would such mortgage pass by a grant of the demised premises, merely because the mortgage was given to secure the rent? and if accompanied by a bond, could the assignee maintain an action upon it in his own name? Surely he could not. Neither can he upon the covenant in question. The grantee may maintain any action upon the lease, or entertain any proceeding for the rent *against the party to the lease* or his representatives, which the grantor could if living; but the statute gives him no such right upon any other sealed instrument. Had these guarantors become lessees with Johnson, they would have been parties, and of course liable to an action by the grantee. So, probably, should the present plaintiff bring an action in the name of the executors of the lessor, I see no difficulty in maintaining the suit; but the present suit cannot be sustained.

Judgment affirmed.