### ROBERT ANDERSON v. JOHN G. TREADWELL AND OTHERS.

An assignment to a receiver, in a judgment creditor's suit, is in the nature of a mortgage, and becomes void so soon as the object of the suit is accomplished. Its purpose having been fulfilled, the property which passed under it reverts to the grantee, without any reassignment.

The grantee of demised premises, or of the reversion thereof, is the proper party to bring suit for recovery of rent which accrued due before, and *a fortiori*, after the conveyance to him. After such conveyance, an action by the grantor, for rent, cannot be sustained.

DEBT for rent. This cause was tried at the New York Circuit, May 9, 1845, and the jury found a verdict for the plaintiff for $253.36, subject to the opinion of the court.

On the 9th of March, 1839, plaintiff leased to the defendants portions of the Shakspeare hotel, in New York, for five years from May 1, at a rent of $300. On the 17th of August, 1842, the plaintiff executed a general assignment, under a creditor's bill, to Allen, the receiver, who received the rents of the defendants up to February 1, 1843.

On the 17th of July, 1843, the plaintiff made a specific

assignment of the lease to one Remsen, for whose benefit this suit is brought.

The premises were subject to a mortgage for $25,000, re corded in July, 1837, which was foreclosed in December, 1842. The premises were sold on that foreclosure in February, 1843, and purchased by Remsen, who immediately after getting his deed, in March, 1843, entered into possession, and has continued in possession ever since.

The defendants abandoned the premises in February, 1843, and gave up the key to the plaintiff, who said he would keep it for them.

The defendants were not made parties to the foreclosure, and Remsen, when he came into possession, did not take actual possession of these rooms, but reserved them for the defendants.

In April, 1843, Remsen settled the suit on the creditor's bill, but no reassignment was made by the receiver, either to the plaintiff or to Remsen.

The plaintiff claimed to recover in this suit the quarterly rent due in May, August and November, 1843.

*Wessel S. Smith & J. Hammond*, for defendants, insisted—

1. The assignment by the plaintiff, to the receiver, carried with it all the plaintiff's right to the rent, and of this the defendants had notice; they recognized the receiver as landlord, and paid him the rent. This right has never been revested in the plaintiff in any way. (1 R. S. [2d ed.] 739, §§ 23, 25; *Demarest* v. *Willard*, 8 Cow. 206; *Evertsen* v. *Sawyer*, 2 Wend. 507; 1 Chitty's Pl. 20, and cases.)

2. The settlement of the creditor's bill did not, of itself, effect a reassignment of the lease to the plaintiff; it was conveyed by deed, and could only be revested by deed. Besides, the tenants disclaimed the old landlord, and commenced a fresh holding under the receiver; moreover, the settlement of that suit was not made by him, or on his behalf. (*Raynor* v. *Wilson*, 6 Hill, 469; *Jackson* v. *Andrew*, 4 Wend. 474; *Same* v. *Page*, id. 585.)

3. The assignment by the plaintiff, to the receiver, the payment of rent, by the defendants to the receiver, was an attornment to him, and the commencement of a fresh holding under him; and extinguished the relation of landlord and tenant between the plaintiff and the defendants. This constitutes a perfect defense to this action.

4. The foreclosure, sale and conveyance, under the decree, extinguished the title of the plaintiff, and the title of the tenants to hold under the lease was also extinguished. (4 J. C. R. 609.) As to right of a mortgagor to give a lease, and the effect of it. (*McKircher* v. *Hawley*, 16 J. R. 292; *King* v. *Lane*, 8 Wend. 584; Comyn on Landlord and Tenant, 29, and cases; *The Fitchburg Manuf'g Co.* v. *Melien*, 257, † 269.) Effect of master's deed. (*Fuller* v. *Van Geesen*, 4 Hill, 171; 2 R. S. 119, § 164.) From what time purchaser entitled to possession, and that there can be no apportionment of rent. (Sugden on Estates, 50; 1 Fonblanque's Equity, 383; *Tule* v. *Tule*, 24 Wend. 76.)

5. The assignment of the lease by the plaintiff, to Remsen, does not give him any greater right than the plaintiff had when it was made. This, we have shown, was nothing, his whole title having been extinguished, not only by the assignment to the receiver, but also by the foreclosure and sale; and the purchase, of itself, carried with it no title to the rent. (*Siniers* v. *Saltus*, 2 Legal Observer, p. 180; *Nellis* v. *Lathrop*, 22 Wend. 121.)

6. Besides, the assignment of the lease to Remsen carried with it the whole title of the plaintiff (if any he had), and with it all the right to the rent, also; and this can be recovered in the name of the assignee, only, if at all. But it cannot be recovered at all, the tenants not having occupied the premises during any portion of the time for which rent is claimed, or since the foreclosure. Besides, there is no privity, either of contract or estate, between the lessees and the purchaser at the foreclosure sale. (*See* cases on first point; Comyn on Landlord and Tenant, 296; *King* v. *Lane*, 8 Wend. 584; *McKircher* v. *Hawley*, 16 J. R. 289; 15 Mass. 257; 2 R. S.

119, § 164; *Jackson* v. *Roland*, 6 Wend. 666; *Siniers* v. *Saltus, supra; McBride* v. *Brundage, supra.*

7. The foreclosure and sale was a determination of the lease, and, together with the master's deed, and the entry of the purchase under it, amounted to an *eviction.* Besides, the tenants refused to attorn, and abandoned the premises, as they had a right to do. As to what is a determination of lease. (15 Mass. 257, *supra;* 1 Bos. & P. 531; 2 Kinne's Law Comp. 257, and cases. What is an eviction. (*Hunt* v. *Amidon*, 4 Hill, 345–8; *Dyett* v. *Pendleton*, 8 Cow. 727; 3 Kent's Com. 464, and cases; Cro. J. 204.) Eviction may be given in evidence under general issue. (1 Chitty, 517; 8 J. R. 85.)

8. But it is not necessary, in order to maintain this defense, to show an eviction. It is enough that the title under which the defendants entered has expired. (1 Cowen's Treatise [2d ed.] 423, and cases; *Jackson* v. *Davis*, 5 Cow. 123; *Jackson* v. *Roland*, 6 Wend. 666; *Nellis* v. *Lathrop*, 22 id. 121; 1 Hilliard's Ab. 142, § 82, 144, § 89; *England* v. *Slade*, 6 T. R. 682; *Blake* v. *Foster*, 8 id. 487; *Hill* v. *Saunders*, 4 B & C. 402.

9. The above is a complete and perfect defense to this action, and the defendants are entitled to a verdict under the stipulations in the case.

*A. Crist*, for plaintiff.

1. The suit is brought by Abraham A. Remsen, the assignee of the lease, and the owner of the premises in question; and the suit is rightly brought by said plaintiff, in the name of Anderson, by whom the lease was given, and to whom the defendants covenanted to pay the rent.

2. The defendants entered into possession under the lease, and are therefore bound to pay rent for the whole term, although they may have ceased to occupy the premises.

3. The proceedings and sale in the foreclosure suit do not impair the plaintiff's right to recover. The defendants were not parties to such suit, and were not bound by such proceedings. They were not disturbed in the possession, and they

Anderson v. Treadwell and others.

might at all times have used and occupied the premises during the continuance of the lease.

4. The creditor's bill suit having been settled, no reassignment of the lease was necessary. At all events, the defendants cannot avail themselves of such objection. (*Evertsen* v. *Sawyer*, 2 Wend. 512.)

5. The verdict is right, and judgment should be given for the plaintiff.

*The Circuit Judge:* There are three objections made to the plaintiff's recovery. One growing out of the assignment to the receiver, one out of the assignment to Remsen, and one out of the foreclosure and sale under the mortgage.

The assignment to Remsen merely conveys the rents, while the assignment to the receiver conveys the reversion, as well as the rents.

As to the assignment to the receiver, that is to be regarded as a mortgage, and was satisfied before the rent became due which is in controversy in this suit. It was an assignment of so much of Anderson's property as would be sufficient to pay his creditor's debt and costs; and by the receiver's collections, and the arrangement made by Remsen, in April, 1843, neither the creditor nor the receiver had any farther claim. No reassignment was necessary, because its force was spent by its purposes having been fully answered. (*Evertsen* v. *Sawyer*, 2 Wend. 509.)

By the foreclosure of the mortgage, in 1842, and by Remsen's purchase on that foreclosure, in March, 1843, Remsen became seized of all the plaintiff's title in the premises. He thus became the assignee of the reversion, which, before that, had been in the plaintiff. The provisions of our Revised Statutes (1 R. S. 747, § 23) from that moment apply to him, and he, as the grantee of the demised premises, or of the reversion thereof, had the same remedies, by action, distress, or otherwise, for the recovery of any rent, as the grantor or lessor might have had if the reversion had remained in him. And if he could, in his own name, maintain an action for the rent,

the plaintiff could not. Otherwise, the tenant would be liable to two actions for the same rent. (Taylor's Landlord and Tenant, 217; *Harbeck* v. *Sylvester*, 13 Wend. 608.)

These remarks apply to all the three quarters' rent now sought to be recovered. But in regard to the two quarters that became due in August and November, the case is still stronger, for, before they accrued, Remsen became the assignee of the lease, also, and was thus seized of all the estate which the plaintiff had originally had in the premises. As to those two quarters, Remsen was not only the grantee of the demised premises, and of the reversion thereof, but he was the assignee of the rents, also, and as such, under our statute, had his remedy by action for the non-payment of the rent, the same as his grantor might have had if the reversion had remained in him.

Upon this view of the case there must be judgment for the defendant.

---

## NEW YORK CIRCUIT.
### JANUARY 21, 1846.
### Before EDMONDS, Circuit Judge.