*W. A. Gile*, for the defendant.

---

## INHABITANTS OF MIDDLEFIELD *vs.* CHURCH MILLS KNITTING COMPANY.

Hampshire.   September 19, 1893. — January 2, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Assumpsit — Covenant — Damages — Active Duties attached to Land — Demurrer.*

A declaration alleged that there was in the plaintiff town an ancient highway which crossed a stream by a bridge, which way and bridge the town was bound to keep in repair; that the owners of land by a dam below raised the water into a pond, which raised the water back over the highway and bridge and made them impassable; that the owners substituted a new filling of earth, and built at the sides thereof a railing and a new bridge over the pond, the same being done by an arrangement with the plaintiff town and at the expense of the owners; that the same were to be maintained and kept in repair by the owners and their successors at their own cost, and free from expense to the town, forever; that the new work had long been a part of the necessary public highway which the town was bound to maintain and keep in repair; that the burden of maintaining the same ran with the land, etc.; that the owners made a covenant with the town, which ran with the same, that they would maintain the same, and had from time to time done so; that the same by the defendant's neglect became out of repair, and there was a necessity to rebuild the bridge, which the plaintiff requested the defendant to do, and the defendant refused so to do; that the plaintiff made the repairs and rebuilt the bridge for a certain sum, which it had demanded of the defendant, but no part of it had been paid to the plaintiff, and the defendant owed the plaintiff said sum and interest. *Held*, on demurrer, that the declaration was sufficient.

CONTRACT, to recover the expenses incurred in repairing and rebuilding a bridge over a pond, and its approaches in the

highway, made by and for the defendant, and which the latter was bound to repair and rebuild.   The declaration was as follows:

" And the plaintiff says there was in said Middlefield an ancient highway which crossed a stream by means of a bridge about thirty feet long, which was ample therefor, which way and bridge plaintiff town was bound to keep in repair; that the owners of land on said stream thereafter desired to raise, and did raise, the water of said stream into a pond for manufacturing purposes by means of a dam which they built below said bridge, which raised the water back over said highway and bridge; and said owners, also at their own expense, changed and raised said highway by a filling of earth, and built about twelve hundred feet of railing at the sides thereof to make travel on it, as changed by them, safe, and built a new bridge to carry said changed way over their pond, which new bridge was eighty-eight feet long, and which new or changed highway and bridge were made, in size, form, and location, for their own convenience by said owners, and to adapt the same to their own wants and to secure for them a desired length of apron for their said dam; none of which changes were necessary parts of said ancient highway, but only became necessary or desirable by the building of said dam by said owners, all of which new work and changes were done and made by said owners under an arrangement with plaintiff town, whereby the owners of said land were to do and make the same and to maintain the same at their own cost; and the same and the proper maintenance and repair of the same became incident to the water power and pond created by the erection of said dam; and the burden of maintaining the same attached to and has since run with said land, pond, water power, and privilege; and the owners of said land and water power and privilege have for many years maintained the same in repair, as they were bound to do; and defendant is the owner of said land and water power and pond and privilege, and has succeeded to the rights and obligations of said former owners, and is bound to maintain said filling, railing, and bridge in repair, and to rebuild the said bridge in case of necessity; and the same by defendant's neglect became out of repair and unsafe, and there was necessity to rebuild said bridge, and plaintiff town requested defendant to repair the same, and to

rebuild said bridge, and defendant refused so to do, or any part thereof; and plaintiff made the necessary repairs thereof, and in so doing rebuilt said bridge, at a cost of $189.95, which sum plaintiff has demanded of defendant, but no part of it has been paid plaintiff; and defendant owes plaintiff said sum of $189.95, with interest thereon."

The declaration was amended by adding thereto a second count, as follows:

"Also the plaintiff says there was in Middlefield an ancient highway which crossed a stream by means of a bridge about thirty feet long, which was ample therefor, which way and bridge plaintiff town was bound to keep in repair; that the owners of land on said stream thereafter raised the water of said stream into a pond for manufacturing purposes by means of a dam which they built below said highway and bridge, which raised the water back over said highway and bridge, and made them both impassable for travel, though they were parts of the system of public ways in said town; and said owners also, at their own expense, substituted in place of the part of said highway which they had so flowed and said bridge a new filling of earth, and built upon it about twelve hundred feet of railing at the sides thereof to make travel thereon safe, which was necessary therefor, and built a new bridge over said pond, which new bridge was eighty-eight feet long, which substitutes were made necessary by said pond and for the convenience of said owners, and to adapt the same to their own wants as well as to accommodate public travel, which their works interrupted as aforesaid, over said ancient highway; all of which new work was done by said owners under an arrangement with plaintiff town whereby the same should be substituted for such part of said way as they rendered unfit for travel as aforesaid and for said old bridge, and at the expense of said owners, and should be maintained and kept in repair by them and their successors at their own cost and free from the expense of the plaintiff town forever; which new work has for many years been a part of the necessary public highway which the plaintiff town was bound by law to maintain and keep in repair; and the burden of maintaining the same attached to and has since run with said land, pond, water power and privilege; and the owners thereof made covenant which runs with the same

with the plaintiff town that they would maintain the same ; and the defendant company is the owner thereof, and is bound to maintain said filling, railing, and bridge so as to make the same safe for public travel and to save plaintiff town harmless in that regard, and has from time to time done the same, and has agreed with said town forever so to do ; and the defendant maintains, and long has maintained, water in said pond over and much higher than the top of said old highway at that point and the old bridge, and renders the same as they were before said pond was maintained, impossible of use, and maintains an obstacle to necessary public travel unless the said substitutes for the part of said way inundated and said bridge are kept in repair, and unless kept in repair the part as maintained would amount to a public nuisance ; and the same by defendant's neglect became out of repair and unsafe for travel, and there was necessity to rebuild said bridge ; and plaintiff requested defendant to repair the same and to rebuild said bridge, but defendant refused so to do or any part thereof ; and plaintiff made the necessary repairs thereof, and in so doing rebuilt said bridge of necessity, at a cost of $189.95, which sum plaintiff has demanded of defendant, but no part of it has been paid plaintiff ; and defendant owes plaintiff said sum of $189.95, and interest thereon."

Both counts are different descriptions of the same cause of action.

The defendant demurred, on the grounds that it did not appear that said ancient highway was ever abandoned or legally discontinued ; or that said new or changed way was ever legally substituted for said ancient way; or that said new or changed way had ever been legally laid out or accepted by said town, or by any public authority or officers competent therefor; or that said owners ever legally assumed the care and maintenance of said new or changed way, or were legally bound to maintain the same ; or that said plaintiff town or the public ever had or now have any rights in said new or changed way; and further, that it did not appear what said alleged arrangement or agreement between plaintiff town and said owners was, or that any acts, doings, or agreements or covenants of said owners bound or attempted to bind future owners of said premises, so that the burden of maintaining and repairing said changed way would run

with the land; and that it did not appear that the defendant, the present owner, was in any way bound to maintain or keep in repair said new or changed way.

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*W. G. Bassett*, for the plaintiff.

*F. H. Gillett & W. W. McClench*, for the defendant.

HOLMES, J.   This is an action to recover the amount of damages which the plaintiff has been compelled to pay in consequence of a breach of a duty alleged to rest primarily on the defendant. The declaration is not in covenant, to speak in terms of the old forms of action, but in assumpsit, on the principle of *Lowell* v. *Spaulding*, 4 Cush. 277, *Woburn* v. *Henshaw*, 101 Mass. 193, and other cases of that class.   The mode in which the defendant's duty originated, whether by prescription, (*Regina* v. *Bucknall*, 2 Ld. Raym. 804, Bac. Abr. Highways (E), Angell & D. Highways, § 255,) or by grant or covenant having the effect of a grant, (*Bronson* v. *Coffin*, 108 Mass. 175, *Norcross* v. *James*, 140 Mass. 188, 190, *Ladd* v. *Boston*, 151 Mass. 585, 588,) or otherwise, (*Perley* v. *Chandler*, 6 Mass. 454, 457, 458, *Lowell* v. *Proprietors of Locks & Canals*, 104 Mass. 18,) is one step more remote than when the declaration is on the covenant directly. However it might be in the latter case, we are of opinion that the duty is sufficiently alleged for the purposes of the case at bar. See *Bernard* v. *Cafferty*, 11 Gray, 10, 11; form of declaration for obstructing way, Pub. Sts. c. 167, § 94.

It is true that, in order to overrule the demurrer, we have to assume the possibility that the defendant might be bound as assign and tenant of a quasi servient estate to perform an active duty created by its predecessor in title; but in view of the foregoing and other decisions we are not prepared to deny that it might be bound in law or in equity so far as to make it liable to indemnify the plaintiff to the extent of simple damages. It is true that, in general, active duties cannot be attached to land, and that affirmative covenants only bind the covenantor, his heirs, executors, and administrators.   But there are some exceptions, and most conspicuous among them is the obligation to repair fences and highways.   We do not deem it advisable to discuss the law in detail until the facts shall appear more ex-

, actly than they do at present. If such a duty can be attached to land, then, although ordinarily the corresponding right could not exist in gross, yet in the case of a way which a town is bound to keep in repair for the benefit of the public, the town is the natural and convenient protector of the obligation, and, being immortal and locally fixed, may enforce a covenant originally made to it without being shown to be strictly the owner of the highway as a quasi dominant estate, just as, conversely, a local corporation was bound to the terre-tenant to perform active services in *Pakenham's case*, Y. B. 42 Ed. III. 3, pl. 14.

*Demurrer overruled.*