REUBEN P. JONES *vs.* JOHN S. PARKER & another.
SAME *vs.* ROBBINS B. GROVER & others.

Suffolk.    March 11, 1895. — May 29, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Specific Performance of Covenant by Lessor to furnish Lessee with reasonable Light and Heat.*

A lease for less than seven years of part of a basement in an uncompleted building contained a covenant "to deliver possession of the same to the lessee upon completion of said building, and thereafter, during the term of this lease, reasonably to heat and light the demised premises." The building was completed, but the lessor and his assignee refused to put into the premises apparatus sufficient to heat and light them, or to deliver them to his lessee. *Held*, on demurrer to a bill for specific performance, that the contract was sufficiently certain; that superintending the completion of the apparatus was not more than a court of equity would undertake; that the covenant required the apparatus to be on the premises at the moment of delivery; that, as the lease was not required to be recorded, (Pub. Sts. c. 120, § 4,) the assignment of it did not authorize the assignee to prevent the performance of the covenant, whether he had notice of it or not; and that whether the burden of the covenant passed to him or not, under St. 32 Hen. VIII. c. 34, § 2, (as to which *quære*,) the assignment did not discharge the covenantor.

TWO BILLS IN EQUITY, filed June 2, 1894, to enforce specific performance of covenants in leases.

The first bill alleged that, by an indenture dated September 1, 1893, the defendant Parker leased to the plaintiff a portion of the basement in a building to be erected on the corner of Washington Street and Spring Lane in the city of Boston, and covenanted to deliver possession of the same to the plaintiff upon completion of the building, and thereafter, during the term of the lease, reasonably to heat and light the demised premises; that the occupancy of the demised premises by the plaintiff for the purposes contemplated and stipulated for in the lease was impossible without the completion by the defendants of the premises by constructing therein proper apparatus for heating and lighting the same before delivery thereof to the plaintiff; that the building had been completed, and that the interest of the defendant Parker in the building had been assigned to the

defendant Emma M. Blackall; that the defendants refused to complete the premises leased to the plaintiff by the construction of apparatus sufficient reasonably to heat and light the same, or to deliver them to the plaintiff, and proposed to rent them to some person other than the plaintiff.

The prayer of the bill was that the defendants be restrained from leasing the premises to any person other than the plaintiff; that they be ordered to complete and deliver them to the plaintiff, with apparatus sufficient reasonably to heat and light the same, and for damages.

The indenture, a copy of which was annexed to the bill, was executed, September 1, 1893, between John S. Parker, lessor, and R. P. Jones of the second part, and leased the premises in question to the plaintiff for the term of six years and eight months from the date thereof, and contained a covenant by the lessor " to deliver possession of the same to the lessee upon completion of said building, and thereafter, during the term of this lease, reasonably to heat and light the demised premises."

The second bill sought like relief with respect to other premises in the basement of the same building demised to the plaintiff by the defendant Grover and others, lessors, parties of the first part, for the period of ten years, by an indenture bearing date November 7, 1892, and recorded, which contained a covenant " to deliver possession of the said basement to the lessee upon completion ; and from such delivery, and thereafter during the term of this lease, reasonably to heat and light the demised premises without expense to the lessee." The second bill contained no averment that the lease annexed thereto had been assigned.

The defendants demurred to the bills, and assigned as reasons therefor, applicable to both bills: 1. want of equity; 2. that the plaintiff had a plain, adequate, and complete remedy at law; 3. that it did not appear that at any time since the completion of the building containing the demised premises the plaintiff was ready and willing to accept possession thereof upon delivery by the defendants in accordance with the terms of the indentures ; and, as applicable to the first bill only : 1. that it did not appear that the plaintiff was willing to accept possession of the premises unless the defendants would, before such acceptance, do

what, by the terms of the obligation, they were under no obligation to do, viz. complete such premises with apparatus sufficient reasonably to heat and light the same; and 2. that the defendants were under no obligation, as alleged by the bill, to complete the demised premises with apparatus for heating and lighting, or to do anything in relation to heating and lighting such premises before the plaintiff was bound to accept possession of the same.

At the hearing in the Superior Court, the demurrers were sustained, and the bills dismissed; and the plaintiff appealed to this court.

*J. Willard,* for the plaintiff.

*G. L. Wentworth,* for the defendants.

HOLMES, J.   The case of *Jones* v. *Parker* is a bill in equity brought by a lessee upon a lease purporting to begin on September 1, 1893, and to demise part of a basement in a building not yet erected.   The lessor " covenants to deliver possession of the same to the lessee upon completion of said building, and thereafter, during the term of this lease, reasonably to heat and light the demised premises."   It is alleged that the building has been completed, but that the defendants refuse to complete the premises with apparatus sufficient to heat and light the same, and to deliver the same to the plaintiff.   It also is alleged that the occupancy of the premises for the purpose contemplated in the lease was impossible without the construction in the premises of proper apparatus for heating and lighting them before delivery to the plaintiff.   The prayer is for specific performance of the covenant quoted, and for damages.   The defendant demurs.

It does not need argument to show that the covenant is valid. Whether it should be enforced specifically admits of more doubt, the questions being whether it is certain enough for that purpose, Fry, Spec. Perf. (3d ed.) §§ 380–386, and whether a decree for specific performance would not call on the court to do more than it is in the habit of undertaking.   *Lucas* v. *Commerford,* 3 Bro. Ch. 166, 167.   *Ross* v. *Union Pacific Railway,* Wool. 26, 43.   We are of opinion that specific performance should be decreed.   With regard to the want of certainty of the covenant, if the plaintiff were left to an action at law, a jury would have to determine whether what was done amounted to a reasonable heating and

lighting. A judge sitting without a jury would find no difficulty in deciding the same question. We do not doubt that an expert would find it as easy to frame a scheme for doing the work. The other question is practical rather than a matter of precedent. It fairly is to be supposed, in the present case, that the difference between the plaintiff and the defendants is only with regard to the necessity of some more or less elaborate apparatus for light and heat, a difference which lies within a narrow compass and which can be adjusted by the court. There is no universal rule that courts of equity never will enforce a contract which requires some building to be done. They have enforced such contracts from the earliest days to the present time. Fry, Spec. Perf. (3d ed.) §§ 88, 98, 102, 103. Story, Eq. Jur. §§ 725–728. Y. B. 8 Ed. IV. pl. 11. *Tyngelden* v. *Warham,* 2 Cal. Ch. liv.

A further objection is taken, that the instrument is a lease and therefore there is a remedy for possession of the premises at law, and that the covenant to heat and light is not to be performed until after possession is taken. It would be a sufficient answer that performance of the covenant to heat and light was to begin at the moment of performance of the covenant to deliver possession, and that the defendant is alleged to have repudiated both of these obligations. But we may go further. According to the allegations of the bill, occupation of the premises for the contemplated purposes is impossible without the completion of them by the construction therein of proper apparatus for heating and lighting. The covenant itself affords an argument that artificial light and heat were necessary constituents of the premises, as natural light was in *Brande* v. *Grace,* 154 Mass. 210, or a cistern in *Cleves* v. *Willoughby,* 7 Hill, (N. Y.) 83, 90, 91. It is " so interwoven with the original contract as to become an essential part of it." *Bally* v. *Wells,* Wilmot, 341, 350. If so, the plaintiff would not be bound to accept possession if offered without artificial light and heat, (*Cleves* v. *Willoughby, ubi supra,*) and although it has been said with truth, in a different class of cases, that the mode in which one party to a bargain shall enable himself to do what he has agreed to do is no part of the contract, *Pratt* v. *American Bell Telephone Co.* 141 Mass. 225, 229, the present covenant fairly may be construed to mean that, at the moment

when delivery of possession is due there shall be the necessary machinery or apparatus without which it would be impossible " thereafter . . . reasonably to heat and light the demised premises." See *Bullard* v. *Shirley,* 153 Mass. 559, 560.

The last objection taken is based on an allegation that the lessor Parker has conveyed the reversion to Blackall. It is not alleged that Blackall had notice of Parker's covenant. But as the lease is for less than seven years, it is valid without recording or notice, Pub. Sts. c. 120, § 4, and the assignment does not entitle Blackall to prevent the performance of the covenant. We need not consider whether the covenant runs with the reversion by virtue of St. 32 Hen. VIII. c. 34, § 2, a question not to be confused with the different one as to the covenants attaching a burden or a right to land at common law irrespective of privity or the mention of assigns, after the analogy of commons or easements, or the yet different one as to the transfer of the benefit of warranties or covenants for title to assigns, when mentioned, being privies in estate with the original covenantees. *Norcross* v. *James,* 140 Mass. 188. *Middlefield* v. *Church Mills Knitting Co.* 160 Mass. 267. This covenant is pretty near the line as it has been drawn between covenants that will and those that will not pass under the statute in respect of their nature, assigns are not mentioned, and the plaintiff has not entered ; but perhaps none of these objections would be fatal. *Spencer's case,* 5 Co. Rep. 16, and note to *S. C.* in 1 Sm. Lead. Cas. 145, 150–174. Moore, 159, pl. 300. *Jourdain* v. *Wilson,* 4 B. & Ald. 266, 268. *Doughty* v. *Bowman,* 11 Q. B. 444. *Minshull* v. *Oakes,* 2 H. & N. 793, 808. Rawle, Covenants, (5th ed.) §§ 313, 318. *Williams* v. *Bosanquet,* 1 Brod. & Bing. 238. *Simonds* v. *Turner,* 120 Mass. 328. However this may be, the plaintiff is entitled to his lease and to his heat and light, notwithstanding the assignment, and whether the covenant passes or not he can hold the defendant Parker on his express contract. All the cases which have come under our eye are cases of covenants by lessees, but the reasoning is equally good for covenants by lessors. *Wall* v. *Hinds,* 4 Gray, 256, 266. *Mason* v. *Smith,* 131 Mass. 510, 511. *Barnard* v. *Godscall,* Cro. Jac. 309. *Brett* v. *Cumberland,* Cro. Jac. 521. *Bachelour* v. *Gage,* Cro. Car. 188. *Pitcher* v. *Tovey,* 4 Mod. 71, 76. *Auriol* v. *Mills,* 4 T. R. 94, 98, 99.

In the case of *Jones* v. *Grover* the covenant is substantially similar to that in the first case. The instrument, although in form a lease for ten years, is not to begin to run until the completion and delivery of the premises. It has been recorded, and there has been no assignment. The plaintiff's title to relief is free from some of the difficulties which have been discussed.

*Demurrers overruled.*