ALICE WALSH & another, administratrices, *vs.* WILLIAM A. PACKARD.

Suffolk.     November 20, 1895. — January 11, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Action by Administrator on Personal Covenant.*

The following covenant was appended to a lease : " In consideration of the letting of the above described premises, and one dollar to me paid, the receipt of which is hereby acknowledged, I do hereby become surety for the prompt and full

payment of the rent and performance of the covenants as specified in the above lease." *Held*, in an action against the covenantor by the administrator of the lessor and covenantee that the covenant was a personal one, and did not run with the land, and that the administrator was the proper person to sue.

HOLMES, J. This is an action upon a covenant appended to a lease, brought by the administratrices of Walsh, the lessor and covenantee. The only objection urged to the plaintiffs' recovery is, that, if the obligation of the covenant did not cease with the life of Walsh, his heirs, and not his administrators, are the proper persons to sue upon it. The covenant is as follows : " In consideration of the letting of the above described premises and one dollar to me paid, the receipt of which is hereby acknowledged, I do hereby become surety for the prompt and full payment of the rent and performance of the covenants as specified in the above lease, to be paid by Ida E. Small to John Walsh. Witness my hand and seal, the twenty-eighth day of November, A. D. 1892. W$^m$ A. Packard (seal)."

The contract raises a question of construction, as well as a question of law when the construction is settled. It does not mention heirs, executors, administrators, or assigns, and courts are a little slower to enlarge by implication the undertaking of a surety or guarantor than they are to enlarge that of the principal party. But perhaps the word " surety," although seemingly inartificially used, coupled with the nature and object of the contract, makes the collateral undertaking as large as the principal one. We will assume that it is to be read in the broader sense. We have no doubt that it continues to run after the death of the original covenantee. But supposing heirs, executors, and assigns to have been mentioned, it seems to be settled in this Commonwealth that the instrument would not work like a letter of credit, offering a new contract to the successors of Walsh, (*Saunders* v. *Saunders*, 154 Mass. 337, 338, and *Abbott* v. *Hills*, 158 Mass. 396,) if that would make any difference when there has been no purchase on the faith of it ; and therefore, apart from other reasons, the only ground on which the heirs can be preferred to the administratrices as the proper plaintiffs is that the covenant runs with the land, or, more accurately, runs with the estate of the covenantee, and that the heirs are successors to that estate. The covenant is collateral to the

lease, (*Virden* v. *Ellsworth*, 15 Ind. 144,) and is not affected by St. 32 Hen. VIII. c. 34. *Harbeck* v. *Sylvester*, 13 Wend. 608. See *Jones* v. *Parker*, 163 Mass. 564, 568.

In *Allen* v. *Culver*, 3 Denio, 284, 301, a similar covenant was held by the Supreme Court of New York to pass to assigns, but the point was decided without discussion on the supposed analogy of *Pakenham's case*, (a covenant on the part of a convent that the convent should sing every week in a chapel in the plaintiff's manor,) Y. B. 42 Ed. III. 3, pl. 14. The reference to this case showed that the court did not have in mind the distinction pointed out by Lord Coke, *Chudleigh's case*, 1 Co. Rep. 120 a, 122 b, and discussed in *Norcross* v. *James*, 140 Mass. 188, between those covenants which create or follow the analogy of easements, and go with the land even to disseisors, and those pure contracts like covenants for title upon which no one can sue except parties and privies. *Pakenham's case* was of the former class. The argument for the plaintiff in that case of most weight in the mind of the court was that the plaintiff was tenant of the land, and that the service claimed was a thing annexed to the land, (being of a kind that could be created by prescription,) or, as it was stated by Fitzherbert, every one who has the land shall have the covenant. Fitz. Abr. Covenant, pl. 17. Those who are curious to verify the fact assumed in *Pakenham's case*, that such services from a stationary ecclesiastical corporation might be due by prescription may consult Y. B. 22 Hen. VI. 46, pl. 36 ; 21 Hen. VII. 5, pl. 2 ; *Williams's case*, 5 Co. Rep. 72 b, 73 a ; *Slipper* v. *Mason*, Nelson's Lutwyche, 43, 45 ; Rast. Ent. pl. 2 b. See further *Middlefield* v. *Church Mills Knitting Co.* 160 Mass. 267. The case at bar, on the other hand, is more analogous to the covenants for title. For although rent savors of the realty, any warranty or insurance of rent is a purely personal contract, of which another than the original contractee can avail himself only on principles of contract. The true question is whether such a guaranty is wholly analogous to covenants for title. In the case of some of these, at least, assigns of the covenantee are treated as privy to the contract, and can sue in their own names, and when this is so, heirs also can sue in their own names for breaches happening while they hold the estate of the cove-

nantee.  *Lougher* v. *Williams*, 2 Lev. 92.  Rawle, Covenants, (5th ed.) § 316.

But this right thus given to assigns only shortened up the old process by which within certain limits each purchaser looked in turn to his vendor to make good the warranty imported by a sale.  It is a doctrine of tradition and history, (140 Mass. 189,) and cannot be extended to new cases by analogy without legislation.  The old cases so far as we know, even the most extreme, are all cases of warranties or covenants by owners of the land. F. N. B. 145, C.  Lord St. Leonards says that " there appears to be no direct authority that a stranger to the land can enter into covenants respecting it, which will run with the land in the hands of assignees."  V. & P., (14th ed.) 587.  And although he seems to have missed the distinction between the two classes of covenants to which we have adverted, this statement we believe to be correct with regard to covenants for title and any others, if others there be, which are governed by the same rules.  *King* v. *Wight*, 155 Mass. 444, 447.

We do not argue from the rule that new and unusual incidents are not to be annexed to land, because that rule seems to belong rather to the law of easements and the like than to the class under discussion.  See *Norcross* v. *James*, 140 Mass. 188, 192.

It is true, no doubt, that the heirs are the only persons interested in the rent, and therefore are the only persons who suffer substantial damages by a failure to pay it.  We assume that, if the administratrices recover substantial damages, they will receive them as trustees for the heirs.  We agree, as suggested by Lord Ellenborough in a different case, that a recovery by them would bar the heirs from recovering at all.  But we do not agree to his further suggestion, that they could recover at most but nominal damages.  *Kingdon* v. *Nottle*, 1 M. & S. 355, 362.  At the present day a trustee may recover damages to the extent of the interest of his *cestui que trust*.  *Drummond* v. *Crane*, 159 Mass. 577, 580.  *Lloyd's* v. *Harper*, 16 Ch. D. 290.  Executors or administrators represent the person of the deceased " more actually " than do the heirs.  Co. Lit. 209 a.  *Bullard* v. *Moor*, 158 Mass. 418, 425.  Unless we are prepared to hold that assigns could sue in their own names upon this contract, we

ought to adhere to the general rule, and allow the administratrices to maintain the action. For the reasons which we have given we are of opinion that the plaintiffs can maintain this suit. In *Harbeck* v. *Sylvester*, 13 Wend. 608, 609, not noticed in *Allen* v. *Culver*, an opposite decision was reached from that in *Allen* v. *Culver*. See also, as to collateral covenants, *Raymond* v. *Fitch*, 2 Cr., M. & R. 588, 599 ; *S. C.* 5 Tyrwh. 985, 996.

*Judgment for the plaintiffs.*

*W. M. McInnes*, for the defendant.
*O. A. Galvin & J. F. Sweeney*, for the plaintiffs.