THOMAS C. MORRISSEY & another *vs.* THEODORE GEISEL
& others.

Hampden.     September 28, 1898. — October 20, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Contract — Evidence — Vote of Labor Union.*

In an action for the breach of an alleged oral contract to employ the plaintiff to
erect a building, it appeared that the defendant advertised for bids, stipulating
that all labor should be done by union men; that the plaintiff made the lowest
bid; and that the parties met on a certain day, when, according to the plaintiff's
testimony, the contract was awarded to him; but the defendant testified that
he went no further than to say that if the plaintiff could produce to the defend-
ant's satisfaction evidence or a certificate from the labor unions that the plain-
tiff was acceptable to them, he should have the contract. After this meeting of
the parties, a building laborers' union voted that " we refuse to work for any
contractor that gets this job that has not had all union men for the last two
years." There was evidence that the plaintiff had employed some non-union
men within two years; and at another meeting between the parties and some
representatives of labor unions, the plaintiff offered to give a bond to employ
only union men upon the job. On the next day, at a special meeting of the
building laborers' union, it was voted that " we sustain our former action."
*Held*, that the two votes were admissible in evidence.

CONTRACT, to recover for the breach of an alleged oral con-
tract to employ the plaintiffs to build a hotel and bottling estab-
lishment in Springfield.     At the trial in the Superior Court,
before *Maynard*, J., the jury returned a verdict for the defend-
ants ; and the plaintiffs alleged exceptions, which appear in the
opinion.

*J. B. Carroll & W. H. McClintock*, (*J. F. Stapleton, Jr.* with
them,) for the plaintiffs.

*W. H. Brooks & W. Hamilton*, for the defendants.

HOLMES, J.     This is an action for the breach of an alleged
oral contract to employ the plaintiffs to build a hotel and bot-
tling establishment in Springfield.     The defendants advertised
for bids, stipulating that all labor should be done by union men.
The plaintiffs made the lowest bid.     The parties met on the
afternoon of March 17, 1896, and, according to the plaintiffs'
testimony, the contract was awarded to them.     The defendants,
on the other hand, testified that they went no further than to

say that, if the plaintiffs could produce to the defendants' satisfaction evidence or a certificate from the labor unions that the plaintiffs were acceptable to them, the plaintiffs should have the contract. The jury found for the defendants.

At the trial several exceptions were taken, some if not all of which, apart from other questions, were made immaterial by the charge of the judge. Only one is insisted upon at the present time, and that is to the admission of two votes by the Building Laborers' International Protective Union, No. 3, of America, otherwise called in the testimony the Masons' Tenders' Union, the Hod Carriers' Union, or the Laborers' Union. These votes were, first, "Moved & Sec that we Refuse to Work for any Contractor that gets this job that has not Had all union men for the last two years, — Carried," passed in the evening of March 17, after the meeting of the parties to this suit about the contract; and, secondly, "A special meeting called for the purpose of asking whether we now recede from our former action in regard to this brewery job or not. Moved and seconded that we sustain our former action. Forty-five for and six against. Carried." Passed on March 21.

There was evidence that the plaintiffs had employed some non-union men within two years, and indeed it is not a violent inference that the first vote was directed against the plaintiffs especially. On March 20, before the second vote, there was a meeting between the plaintiffs, the defendants, and some representatives of labor unions, for the purpose, it might have been found, of trying to arrange matters between the plaintiffs and the laborers. At this meeting the plaintiffs offered to give a bond of five hundred dollars to employ only union men upon the job.

When the votes were put in, it was possible that the plaintiffs might contend that, even if the jury should find that on March 17 the defendants only had made a conditional offer, the plaintiffs had satisfied the condition, reasonably understood, and were able to go on with union labor. The first vote of the Laborers' Union was treated by the parties at their meeting as sufficiently proving that at that time the plaintiffs could not get members of that union to work for them. It proved it very plainly. Such a vote was more than a mere declaration of intention. It was,

or might have been found to import, a command by the union to every one of its members not to work for the plaintiffs, and a command which no member of the union would dare to disobey. The existence of such a command unrevoked, from a superior power, to those whom the plaintiffs would have employed if they could, does not depend upon communication to the plaintiffs for its effect as evidence of what the plaintiffs were able to do with the men. The votes were important also as bearing on the position of the unions from which the defendants required a certificate. They were not only declarations of intention, they were acts, orders carrying out the intention, the second of them seemingly in rejection of the plaintiffs' attempt to conciliate them by a bond. There is no question that they were serious votes. As such, whether communicated or not, they showed that the plaintiffs were not acceptable to the union that passed them. It is argued that the offer of the bond does not appear to have been communicated to the union. But it was made to their secretary, who was at the meeting of March 20 to represent them. If this was not sufficient, the contents of the second vote show plainly enough that the secretary had laid the offer before the meeting.

It is enough that the evidence was admissible in connection with the rest of the defendants' evidence, and it is unnecessary to consider whether on the plaintiffs' story the votes would have been competent to show that no cause of action had accrued because the plaintiffs were not able to begin work with union men. See *Jones* v. *Parker*, 163 Mass. 564, 567, 568. The judge took the most favorable view for the plaintiffs, and instructed the jury that, if a contract was made on the 17th, the plaintiffs were entitled at least to nominal damages, and thus absolutely excluded a finding for the defendants on the ground of a breach of condition after the contract was made.

The first vote, at least, was admissible also from another point of view. It was open to the defendants to argue that the meeting of March 20 was more consistent with the defendants' evidence that the contract depended upon the plaintiffs' having come to terms with the labor unions than with the plaintiffs' story. In order to explain the plaintiffs' conduct it was proper to put in the vote which evidently was one of the causes of the meeting.

*Exceptions overruled.*