MINNEAPOLIS MILL COMPANY *vs.* JOEL B. BASSETT.

January 14, 1884.

**Nuisance created with Plaintiff's Consent under Agreement to Remove—Remedy of Plaintiff.**—*Defendant, with the consent of plaintiff, given upon his agreement to remove the same by a specified time, deposited earth in the Mississippi river opposite the abutting land of plaintiff, and between its land and the centre of the river, and failed to remove it by the time specified, to plaintiff's detriment. Held, that plaintiff cannot complain that the earth so deposited constitutes a nuisance; also, that the facts make no case for the court to decree specific performance of the agreement to remove the earth so deposited, the only remedy being an action for damages.*

As its first cause of action the plaintiff alleges its incorporation, its ownership of the westerly bank of the Mississippi river at, above, and below St. Anthony Falls, by virtue of which ownership and its charter (Laws 1856, *c.* 146) it owns and is entitled to the free and unobstructed use of the channel of the river to the centre thereof, subject only to the right of the public therein as a highway. That in the autumn of 1881, the defendant deposited a huge mass of stone, earth and debris in the river, between the centre of the channel and the westerly bank, obstructing the passage of logs, and obstructing plaintiff in the free use and enjoyment of the channel, to which it is entitled independent of the public right therein. That the obstruction remains on plaintiff's property, and is a nuisance, and defendant, though often requested, refuses to remove it.

For a second cause of action the plaintiff alleges that at defendant's request it permitted him to make the deposit in the stream, under his representation that he merely wished to deposit certain earth and debris which the water would carry off, and sets out a written contract between the parties, in November, 1881, by which the plaintiff gave the permission, and defendant agreed to remove all of the deposit that should remain after the spring freshet, and before a certain log sluice should be needed for use. That under this contract the defendant deposited a large pile of rock, earth and debris,

as stated in the first count, and after the spring freshet of 1882 a large part of it remained and still remains, and constitutes a permanent obstruction of the stream and the sluice-way mentioned, and a nuisance. That the defefendant, though requested, has failed to comply with his agreement, by reason whereof the plaintiff is greatly obstructed in the use and enjoyment of its property.

The relief asked is "that a mandatory writ issue from this court to the defendant, requiring him, within such time as the court may fix, to remove and abate said nuisance," with costs.

A general demurrer to this complaint was overruled by the district court for Hennepin county, *Young,* J., presiding, leave being given the defendant to answer. The defendant electing to stand by his demurrer, the plaintiff applied, on notice, to *Lochren,* J., for judgment as prayed in its complaint. Judgment was ordered and entered, requiring defendant to remove the obstruction complained of within 40 days. From this judgment the defendant appeals.

*Atwater & Hill,* for appellant.

*F. B. Hart,* for respondent.

GILFILLAN, C. J. The demurrer to the complaint was properly overruled, for there was certainly a cause of action set up for breach of the contract alleged, upon which plaintiff was entitled to recover at least nominal damages. But the complaint does not show plaintiff entitled to the judgment rendered. He is not entitled to it on the ground that the acts of defendant, complained of, created a nuisance, for they were done with the consent and license of the plaintiff, and therefore were not, as between these parties, wrongful. The plaintiff can make no complaint except that the defendant has not removed, as he agreed to do, the dirt which he deposited in the river with plaintiff's consent. In other words, its sole cause of complaint is that defendant has committed a breach of his contract. And no case is made for specific performance. The general rule is that specific performance will not be decreed where the party has a perfect, adequate remedy in an action for damages. Upon the contract and the breach alleged in the complaint, we see no difficulty in the way of plaintiff establishing and recovering the damages it has sustained by the breach, and there is nothing in the case to suggest that that would

not be a complete remedy. So specific performance of covenants to repair will not usually be decreed, because usually there is an ample remedy in damages, and for the further reason, equally applicable to this case, that enforcement of the decree would involve the court in superintendence of the work,—a duty which courts are loath to assume. *City of London* v. *Nash,* 3 Atk. 512; *Abinger* v. *Ashton,* L. R. 17 Eq. 358, 376; *Reed* v. *Vidal,* 5 Rich. Eq. 289 ; *Beck* v. *Allison,* 56 N. Y. 366; *Hill* v. *Barclay,* 18 Ves. 59.

Judgment reversed.