Sedgwick, Ch. J.
(concurring.)—In my opinion, the court will have no difficulty in supervising the performance by defendant of his agreement to remove the rock from plaintiff’s land. It seems to me, that none of the reasons that prevailed in Beck v. Allison (56 N. Y. 366), apply to such a simple work. At least, the defendant will know exactly what is to de done. He is to use the means he used in placing the rock upon the land.
It seems to me that it is not the duty of the plaintiff to create a condition of things for the purpose of getting a cause of action that may indemnify him, which, if he had it, would be a reason for his not being entitled to an equitable remedy. It would be at least a hardship to a party grievously wronged, to be required at the instance of the wrongdoer, to do, at his own expense, what the wrongdoer promised to do, in order to ascertain what damages could be recovered in a legal action. In a case like this, if a wrongdoer does so much harm that the injured party has not the means of remedying it, then it is safe to injure a man without means.
The defendant suggests that there is some inconsistency in the judgment requiring him to accomplish within two months, what by 'the findings, will take two years to accomplish. The time for performance may be extended. This is no reason for reversing the judgment wholly. I concur with Judge Freedman, that judgment should be affirmed, with costs.