IGNAZ STRAUSS, Plaintiff, *v.* ESTATES OF LONG BEACH, Defendant.

(Supreme Court, Nassau Special Term, December, 1918.)

Specific performance — when covenant in land contract will not be decreed.

Specific performance of a vendor's covenant in a contract to convey certain lots, to build sewers or a sewer system, will not be decreed.

COUNTER MOTIONS by plaintiff and defendant respectively for judgment on the pleadings under Code Civil Procedure, section 547.

Hirsh, Newman & Reass, for plaintiff.

Charles C. Clark, for defendant.

SCUDDER, J. The pleadings consist of the complaint and demurrer thereto upon the ground that it does not state facts sufficient to constitute a cause of action.

The relief prayed for in the complaint is for the specific performance of a contract, and the allegations of the complaint do not justify the giving of any other or different relief. If, therefore, the complaint does not state facts sufficient to constitute a cause of action for specific performance, the demurrer must be sustained and judgment directed for defendant.

Specific performance is sought of defendant's covenant to build sewers, which was contained in defendant's contract for the sale of real estate to plaintiff. The following is an outline of the material facts alleged in the complaint. The defendant, a suburban land development company, on June 3, 1909, entered into a contract with plaintiff for the sale of

ten lots of a tract of land which defendant had subdivided into lots and was in the process of developing. The contract contained a covenant on the part of the defendant to make or complete certain improvements incident to the development, among them to build sewers. The language of this covenant is as follows: "And the vendor does agree as soon as practicable after the date of this contract consistent with the entire scheme of development and not later than the third day of June, 1914, to make the following improvements.

"*First.* To build sewers, electric light, telephone conduits and water mains for said premises and then to pave the streets in front of said premises.

"*Second.* * * * All said work to be done without any expense to the vendee under this contract."

The plaintiff, relying on this executory covenant of defendant to build sewers, took title to the lots in October, 1909, and thereafter erected upon them an expensive dwelling-house. A large number of other purchasers of lots from defendant under contracts containing a similar covenant to build sewers also erected houses on their respective lots and are in a like situation as plaintiff. The defendant wholly neglected, failed and refused to build a sewer wherein to carry off the sewage and house drainage from plaintiff's premises. In pretended compliance with its agreement, defendant constructed and maintained certain sewer pipes upon the premises of the plaintiff and others, which carry the house drainage into open cesspools on property belonging to the defendant in the immediate neighborhood of the property sold and from which vile, noxious and offensive odors, dangerous to human life, emanate. This method of sewage disposal constitutes a nuisance and has been condemned by the health authorities of the state and of the town, which have informed plaintiff and others that

unless a proper sewage system such as is required by law be installed upon the scheme of development created and operated by the defendant, the use of the property for residence purposes would be interdicted.

In *Beck* v. *Allison,* 56 N. Y. 366, it is held that equity will not enforce the specific performance of the landlord's covenant in a lease to repair damages caused by fire for the reason that the execution of contracts of such description under the supervision and control of the court would be found very difficult if not impracticable. For the same reason, it seems to me that it must be held in the present case that equity will not enforce the specific performance of defendant's covenant to build sewers or a sewer system. The difficulty and impracticability of rendering an enforceable decree for the specific performance of such a contract is obvious. The court would be required to determine in detail the plan upon which the sewers or sewer system was to be built in order to enforce performance by attachment as for contempt in case of alleged disobedience; and then would arise the question whether there has been substantial performance or not by defendant, requiring the review of varied and continuous acts.

Defendant's motion for judgment on the pleadings granted.

Motion granted.