IGNAZ STRAUSS, Appellant, v. ESTATES OF LONG BEACH, Respondent.

Second Department, May 9, 1919.

Real property — equity — jurisdiction to compel specific performance of covenant to build sewer.

A complaint, in a suit by a purchaser of a building lot from a real estate development company to enforce a covenant of the defendant to build a sewer, which alleges that said defendant did not perform its covenant because the sewer constructed discharged into open cesspools or to a " dead end " upon defendant's land in the neighborhood, and is a noxious nuisance, dangerous to health and in violation of law, and asking for specific performance of the covenant and other general equitable relief, states a cause of action.

APPEAL by the plaintiff, Ignaz Strauss, from so much of an order of the Supreme Court, made at the Nassau Special Term and entered in the office of the clerk of the county of Nassau on the 23d day of December, 1918, as denies his motion for judgment on the pleadings and grants the defendant's motion for judgment on the pleadings and directs that judgment be entered dismissing the complaint with costs, upon plaintiff's failure to serve an amended complaint.

The pleadings consisted of a complaint and the demurrer thereto.

Benjamin Reass [Hugo Hirsh and Emanuel Newman with him on the brief], for the appellant.

John L. Wells, for the respondent.

JENKS, P. J.:

The defendant is a company that sells parcels of land for dwelling houses out of a tract which it develops and improves. It sold such a parcel to the plaintiff by full warranty deed in 1909. The plaintiff built his house upon this land. He sues to enforce a covenant of the defendant that it would by June, 1914, build a sewer. And he complains that the defendant did not perform its covenant, because the sewer constructed discharged into open cesspools or to a " dead end " upon defendant's lands in the neighborhood, to the making of a noxious nuisance dangerous to health and in violation of law. The defendant demurred that the facts do' not constitute a cause of action. Each party moved at Special Term for judgment on the pleadings, and when the defendant won, the plaintiff appealed.

The opinion of the learned Special Term declares that " equity will not enforce the specific performance of defendant's covenant to build sewers." (105 Misc. Rep. 398.) As specific performance is within the discretion of the equity court, it may be that upon trial such court would deny that relief, but that possibility or even probability did not justify the order of the Special Term, unless it could conclude that the demurrer was founded upon the " absolute, certain and clear proposition that, taking the charges in the bill to be true, the bill would be dismissed at the hearing." (Standard Fashion Co. v. Siegel-Cooper Co., 157 N. Y. 60, quoting Beach Eq. Pr. § 225.) I am of opinion that as there was no foundation for such conclusion, the order cannot stand. The Special Term cites only Beck v. Allison (56 N. Y. 366). It thought the reasoning of that judgment disposed of this case. Beck v. Allison dealt with a covenant to repair a building. And the court refused a decree for two reasons: First, that the court could not supervise or control the execution of such work, and second, that damages would afford full relief. But the facts in the case at bar as established by the plaintiff's bill do not justify this application of Beck's case. There is no essential similarity between the construction of the sewer required in this case and the making of repairs considered in Beck's case. There is no indication that damages in this case would afford adequate relief. Such

a sewer is a necessary adjunct to a dwelling house thus situate, while the express reserved dominant control of the defendant over the tract would apparently forbid its construction by the plaintiff, even by application of the money awarded for his damage.

Such a fabric is more like unto the wharf or archway or the bridge considered in the cases cited in *Prospect Park & C. I. R. R. Co.* v. *C. I. & B. R. R. Co.* (144 N. Y. 152) and in *Lawrence* v. *Saratoga Lake R. Co.* (36 Hun, 467), and other fabrics as to which specific performance was ordered in the cases cited in Pomeroy's Equitable Remedies (§ 760, n. 72). All of these cases make for the plaintiff upon this motion. Indeed, in *Beck* v. *Allison* (*supra*), relied upon by the Special Term, the court says that the construction of an arch under a railroad or a wharf " does not militate against this doctrine," *i. e.*, the doctrine applied in that case. Moreover, there is another and cogent feature in the case at bar, within a principle well recognized. The sale of this land, within the contemplation of both parties, was for a dwelling house. The defendant covenanted to build a sewer. Thereupon the plaintiff built his house. Under such conditions an equity court will endeavor to decree specific performance. (2 Pom. Eq. Rem. § 760. See, too, *Gregory* v. *Ingwersen*, 32 N. J. Eq. 199, 203; *Stuyvesant* v. *Mayor, etc.*, 11 Paige, 414, 426.)

The question considered by the Special Term was likewise considered in *Jones* v. *Parker* (163 Mass. 564), where Holmes, J., for the court says: " It does not need argument to show that the covenant is valid. Whether it should be enforced specifically admits of more doubt, the questions being whether it is certain enough for that purpose, Fry, Spec. Perf. (3d ed.) §§ 380–386, and whether a decree for specific performance would not call on the court to do more than it is in the habit of undertaking. *Lucas* v. *Commerford*, 3 Bro. Ch. 166, 167. *Ross* v. *Union Pacific Railway Co.*, Wool. 26, 43. We are of opinion that specific performance should be decreed. With regard to the want of certainty of the covenant, if the plaintiff were left to an action at law, a jury would have to determine whether what was done amounted to a reasonable heating and lighting. A judge sitting without a jury would find no difficulty in deciding the same question.

We do not doubt that an expert would find it as easy to frame a scheme for doing the work. The other question is practical rather than a matter of precedent. It fairly is to be supposed, in the present case, that the difference between the plaintiff and the defendants is only with regard to the necessity of some more or less elaborate apparatus for light and heat, a difference which lies within a narrow compass and which can be adjusted by the court. There is no universal rule that courts of equity never will enforce a contract which requires some building to be done. They have enforced such contracts from the earliest days to the present time. Fry, Spec. Perf. (3d ed.) §§ 88, 98, 102, 103. Story, Eq. Jur. §§ 725–728. Y. B. 8 Ed. IV. pl. 11. *Tyngelden* v. *Warham*, 2 Cal. Ch. liv.''

The Special Term could not conclude that the plaintiff had pleaded himself out of court by any allegation of performance by the defendant. " Performance is * * * such a thorough fulfillment of a duty as puts an end to obligations by leaving nothing more to be done." (Words & Phrases, vol. 3 [2d Series], 959, citing cases.) A sewer adapted for the purposes of the plaintiff's dwelling, in view of its situation and surroundings, naturally required an underground conduit that would not only carry away the refuse matter of a dwelling house, but discharge it underground, or at least in such a manner that the refuse discharged should not " disseminate and breed disease " through noxious gases, or cause injury to personal or property rights. (*Fuchs* v. *St. Louis*, 167 Mo. 620; 57 L. R. A. 136, 141.) " The two fundamental principles in the design of sewage systems are (1) the removal of sewage before offensive decomposition sets in, * * * and (2) the disposal of sewage in such a manner that neither water, soil, nor air will be polluted thereby." (18 New Inter. Encyc. 22.) The plaintiff in effect alleges that the defendant has absolutely violated this second principle.

The plaintiff's prayer is also for various and general equitable relief. The powers of the equity court are so broad, that in *Cooke* v. *Chilcott* (L. R. 3 Ch. Div. 694) MALINS, V. C., held that in a case where a defendant was subject to the obligation of laying down pipes and supplying water to the houses of the plaintiff, although the court could not make defendant lay down the pipes, in that it would not exercise

superintendence of that work, it could make an order by which defendant would be guilty of contempt if he did not lay the pipes and provide the supply of water, and this was done. The Court of Appeal affirmed.

In *Union Pacific R. Co.* v. *Chicago, etc., R. Co.* (163 U. S. 600) the court, by the Chief Justice, say: " The jurisdiction of courts of equity to decree the specific performance of agreements is of a very ancient date, and rests on the ground of the inadequacy and incompleteness of the remedy at law. Its exercise prevents the intolerable travesty of justice involved in permitting parties to refuse performance of their contracts at pleasure by electing to pay damages for the breach."

As the Special Term erred in prejudgment, in that it was not the equity court at trial, we will not err likewise in any expression that might seem to control the sound discretion of that court.

We reverse the order, with costs, deny the motion of the defendant, overrule the demurrer, with ten dollars costs, and grant leave to the defendant to answer within twenty days upon payment of costs.

RICH, BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Order reversed, with costs, defendant's motion denied, demurrer overruled, with ten dollars costs, and leave granted to defendant to answer within twenty days upon payment of costs.