WALTER G. MAUE, Respondent, v. PETER SMITH, Appellant.

Second Department, May 1, 1931.

*Maurice S. Degenstein*, for the appellant.

*Arthur D. Brennan* [*Henry R. Barrett* with him on the brief], for the respondent.

PER CURIAM. There is not such absolute certainty that a court of equity would refuse to grant specific performance of the agreement in this case as to justify the dismissal of the complaint. The agreement itself provides what should be done by the parties in the event that the application to the Board of Commissioners of the Land Office is unsuccessful. If the proceedings are as much a

matter of form as is claimed by the plaintiff, a decree of specific performance would not burden the equity court with detailed supervision of numerous discretionary acts on the part of the defendant Plaintiff should be given an opportunity to appeal to the discretion of the court. At any rate, the motion was premature. (*Strauss* v. *Estates of Long Beach*, 187 App. Div. 876, 880.) The defendant should have answered before making the motion. Even then it would probably be held that a motion for judgment should await the presentation of facts on the trial.

The order denying motion of defendant to dismiss the complaint for insufficiency should be affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from service of a copy of the order herein.

LAZANSKY, P. J., YOUNG, KAPPER, SCUDDER and DAVIS, JJ., concur.

Order denying defendant's motion to dismiss complaint for insufficiency affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from service of a copy of the order herein.