■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SMITH, Appellant. [718 NYS2d 321] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered March 31, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The record establishes that defendant received meaningful representation (see, People v Benevento, 91 NY2d 708, 713-714). Although defendant asserts that his trial counsel's failure to object to various evidence constituted ineffective assistance, there was no prejudice to defendant because all of the evidence in question was admissible. Specifically, we note that the challenged evidence concerning the conduct of a codefendant who had pleaded guilty prior to defendant's trial was clearly relevant, in context, to defendant's guilt.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Rubin, JJ.

■ RALPH H. SPEKEN et al., Appellants, v COLUMBIA PRESBYTERIAN MEDICAL CENTER et al., Respondents. [717 NYS2d 543] —Order, Supreme Court, New York County (Sherry Heitler, J.), entered on or about April 11, 2000, which, in a medical malpractice action, denied plaintiffs' motion to vacate their stipulation of settlement, unanimously affirmed, without costs.

There is no basis shown to set aside the stipulation of settlement entered into in open court after full allocution by the court (see, Hallock v State of New York, 64 NY2d 224, 230; Washo v Washo, 170 AD2d 827, 829). Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Rubin, JJ.