■ RALPH H. SPEKEN et al., Appellants, v COLUMBIA PRESBYTERIAN MEDICAL CENTER, Respondent. [759 NYS2d 47] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered March 18, 2002, which, in an action to vacate the confidentiality provisions of a settlement agreement in an underlying action for medical malpractice, granted defendant hospital's motion to dismiss the complaint on the ground of res judicata, unanimously affirmed, without costs.

This is plaintiffs' second attempt to vacate the settlement agreement. The first attempt was a motion in the underlying action that raised, among other arguments, the very argument made herein, to wit, that the confidentiality provisions of the settlement agreement are void as against public policy. In affirming the denial of the motion, this Court stated that no basis was shown for setting aside the stipulation of settlement (*Speken v Columbia Presbyt. Med. Ctr.*, 278 AD2d 154 [2000]), and thereby rejected all of the arguments that plaintiffs made for doing so, including the public policy argument they reiter-

ate herein (*cf. O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). As the motion court explained, if plaintiffs believed that their public policy argument was overlooked, their remedy was reargument, not a new action. In any event, the settlement agreement, which prohibits plaintiffs from discussing or otherwise disseminating information about the malpractice action or their decedent's care and treatment at defendant hospital, does not offend the public policy against prior restraint of speech (*see Trump v Trump*, 179 AD2d 201, 205 [1992], *appeal dismissed* 80 NY2d 892 [1992], *lv denied* 80 NY2d 760 [1992]), and we reiterate that no basis is shown for setting aside the settlement. Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Gonzalez, JJ.