■ GRANITE BROADWAY DEVELOPMENT LLC, Appellant, v 1711 LLC, Respondent. [845 NYS2d 10]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered June 14, 2006, after a nonjury trial, awarding defendant liquidated damages, certain offset damages and specific performance, unanimously modified, on the law, to the extent of vacating the offset damages for annual increases in defendant's purchase price prior to October 31, 2004, and otherwise affirmed, without costs.

Contrary to plaintiff's assertions, there is no blanket prohibition against a court ordering the equitable relief of specific performance in a case involving breach of a construction contract. At most, courts are vested with discretion to refuse such relief (*see Matter of Grayson-Robinson Stores [Iris Constr. Corp.]*, 8 NY2d 133, 137-138 [1960]). Here, the court properly granted both liquidated damages and specific performance, as the legal and equitable remedies redress separate injuries (*see e.g. Karpinski v Ingrasci*, 28 NY2d 45, 52-53 [1971]; *Wirth & Hamid Fair Booking Inc. v Wirth*, 265 NY 214, 222-223 [1934]). The

liquidated damages clause does not purport to extinguish defendant's rights or plaintiff's obligations under the contract, and a provision extinguishing rights or obligations will not be implied absent clear and express language to that effect (*Terminal Cent. v Modell & Co.*, 212 AD2d 213, 218-219 [1995]). In fact, section 7 of the agreement expressly provides for the extinguishment of defendant's rights thereunder in the event of its own breach; no such extinguishment is provided for under the liquidated damages clause (section 8) at issue here. Moreover, such a reading would be harshly uneven as it would grant plaintiff all the benefits of the agreement, and eliminate defendant's rights, upon plaintiff's breach (*see Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 84 NY2d 430, 438 [1994]).

Nor does the liquidated damages clause state or even imply that liquidated damages would be defendant's sole remedy. "For there to be a complete bar to equitable relief there must be something . . . such as explicit language in the contract that the liquidated damages provision was to be the sole remedy" (*Rubinstein v Rubinstein*, 23 NY2d 293, 298 [1968]). Instead, the liquidated damages here address injuries caused by plaintiff's past delays, up to October 31, 2004.

However, the court's order to offset the 10% annual increases in defendant's purchase price must be modified to include only those increases following October 31, 2004, since the liquidated damages provision covered the injuries for delays to that point. Concur—Tom, J.P., Andrias, Marlow, Nardelli and McGuire, JJ.