Nelson v Rosenkranz (2018 NY Slip Op 08177)





Nelson v Rosenkranz


2018 NY Slip Op 08177


Decided on November 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 29, 2018

Friedman, J.P., Richter, Kahn, Oing, Moulton, JJ.


7559 161624/14 -5311

[*1]Katherine Nelson, Plaintiff-Appellant,
v
Robert Rosenkranz, Defendant-Respondent.


Katherine Nelson, appellant pro se.
Bronstein Van Veen LLC, New York (Peter E. Bronstein of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about May 31, 2016, which, to the extent appealed from as limited by the briefs, granted defendant's motion for reverse summary judgment in plaintiff's favor on her breach of contract claim and on his counterclaim for a permanent injunction, unanimously affirmed, without costs.
The record presents no triable issues of fact as to the breach of contract claim except whether defendant made the final payment of $45,500. Therefore, the court properly permitted defendant to withdraw so much of his verified answer as denied the breach, and granted summary judgment in plaintiff's favor on the claim.
Contrary to plaintiff's contention, rescission of the agreement was not warranted. The court correctly found that monetary damages were an adequate remedy and that a return to the status quo was impossible, because plaintiff had already violated the terms of the agreement by communicating with defendant and his family and publicly disseminating information about her intimate relationship with him (see Wyckoff v Searle Holdings Inc., 111 AD3d 546 [1st Dept 2013]).
The court correctly granted defendant summary judgment on his counterclaim for a permanent injunction that essentially mirrors the terms of the parties' agreement. Plaintiff's argument that the permanent injunction violates her First Amendment rights is not properly before this Court, because her causes of action raising similar constitutional claims were dismissed in a prior order from which plaintiff failed to appeal.
In any event, plaintiff's argument is without merit.
Parties "may stipulate away statutory[] and even constitutional rights" so long as there is no affront to public policy and the waivers are not the product of fraud or duress (Trump v Trump, 179 AD2d 201, 204 [1st Dept 1992], lv denied 80 NY2d 760 [1992]; see Speken v Columbia Presbyt. Med. Ctr., 304 AD2d 489 [1st Dept 2003], lv denied 100 NY2d 511 [2003]). Plaintiff does not argue that any of these exceptions applies here.
Contrary to plaintiff's further contention, the fact that the parties' one-page agreement does not specify injunctive relief as a remedy does not bar the court from issuing a permanent injunction (cf. Granite Broadway Dev. LLC v 1711 LLC, 44 AD3d 594, 595 [1st Dept 2007] ["For there to be a complete bar to equitable relief there must be something . . . such as explicit language in the contract that the liquidated damages provision was to be the sole remedy"] [internal quotation marks omitted], lv denied 10 NY3d 702 [2008]).
We have considered plaintiff's remaining contentions and find them unavailing.
[*2] M-5311 - Katherine Nelson v Robert Rosenkranz
Motion to supplement the record denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 29, 2018
CLERK