People v Perez (2020 NY Slip Op 02241)





People v Perez


2020 NY Slip Op 02241


Decided on April 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020

Friedman, J.P., Kapnick, Webber, González, JJ.


11360 2401/15

[*1] The People of the State of New York, Respondent,
v
Ivan Perez, Defendant-Appellant.


Steven N. Feinman, White Plains, for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Robert A. Neary, J.), rendered February 8, 2017, as amended April 12, 2017, convicting defendant, after a jury trial, of manslaughter in the first degree and gang assault in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years, unanimously affirmed.
Defendant did not preserve the particular legal sufficiency arguments he raises on appeal, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. Contrary to defendant's argument, the People were not required to prove that defendant personally inflicted the injuries that caused the victim's death. Regardless of what the focus of the prosecutor's summation may have been, the theory of accessorial liability, that is, that defendant at least aided other participants while acting with the same intent (see Penal Law § 20.00), was presented to the jury in the indictment and the court's charge, and it was supported by the evidence. Moreover, "there is no legal distinction between liability as a principal or criminal culpability as an accomplice" (People v Rivera, 84 NY2d 766, 769 [1995]).
The court providently exercised its discretion in admitting four autopsy photos, two of which showed the victim's internal organs (see People v Pobliner, 32 NY2d 356, 369-370 [1973], cert denied 416 US 905 [1974]). While these photos were gruesome, they were relevant to material issues including defendant's intent to cause serious physical injury (see People v Wood, 79 NY2d 958, 960 [1992]). The photos also corroborated the Medical Examiner's testimony about the victim's injuries, and "[t]he People were not bound to rely entirely on [that] testimony" (People v Stevens, 76 NY2d 833, 836 [1990]).
Defendant failed to preserve his due process challenge to the admission of the photos (see e.g. People v Lane, 7 NY3d 888, 889 [2006]; People v Kello, 96 NY2d 740, 743 [2001]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits, since "defendant is essentially raising state-law issues that are not of constitutional dimension" (People v Jackson, 133 AD3d 474, 476 [1st Dept 2015], lv denied 26 NY3d 1146 [2016] [internal quotation marks and citation omitted]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2020
CLERK