Matter of Jefferies LLC v IsZo Capital LP (2025 NY Slip Op 03158)

Matter of Jefferies LLC v IsZo Capital LP

2025 NY Slip Op 03158

Decided on May 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Mendez, Shulman, JJ. 

Index No. 651394/24|Appeal No. 4448-4449|Case No. 2024-03761, 2024-05543|

[*1]In the Matter of Jefferies LLC et al., Petitioners-Respondents,
v
IsZo Capital LP et al., Respondents-Appellants, The Financial Industry Regulatory Authority, Inc., Respondent.

The Law Offices of Richard J. Corbi PLLC, New York (Richard J. Corbi of counsel), for appellants.
Sidley Austin LLP, New York (Francesca Brody of counsel), for respondents.

Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered August 28, 2024, in favor of petitioners and against respondents IsZo Capital LP and IsZo Capital Management LP (together, IsZo Capital) in the total amount of $1,045,250, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about May 22, 2024, which granted petitioners' petition to confirm the arbitration award, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
IsZo Capital has not shown that the arbitration award should be vacated on the basis that the arbitrators exceeded or imperfectly executed their power, as it has not shown that the award violated a strong public policy (see CPLR 7511[b]; NY City Tr. Auth. v Transp. Workers' Union, Local 100, 6 NY3d 332, 336 [2005]; Denson v Donald J. Trump for President, Inc., 180 AD3d 446, 449-450 [1st Dept 2020]). IsZo Capital argues that the arbitration award violated federal bankruptcy court orders confirming Chapter 11 reorganization plans, and therefore, that the award is preempted by the Bankruptcy Code. We reject this argument. 11 USC § 1141(a), upon which petitioners rely, states that Chapter 11 plans "bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor." However, neither IsZo Capital nor petitioners belong to any of these categories, and are therefore not bound by 11 USC § 1141(a). None of the parties had any dealings with the debtors who were subject to the bankruptcy orders, nor were any of the parties, who were using borrowed securities to engage in short selling, equity holders of any debtor. This alone is sufficient to serve as a barely colorable justification for the arbitrators' determination (see Matter of Jackson v Main St. Am. Group, 210 AD3d 501, 501 [1st Dept 2022]).
We also reject IsZo Capital's argument that the arbitration panel's order requiring it to take down certain language and materials from its websites constituted a prior restraint on IsZo's first amendment rights. IsZo Capital was prohibited by contractual agreement from using or publishing any materials containing petitioner Jefferies LLC's name, logo or trademark without Jefferies' prior written consent, and we have held that enforcement of contractual agreements "does not offend the public policy against prior restraints of speech" (Speken v Columbia Presbyt. Med. Ctr., 304 AD2d 489, 490 [1st Dept 2003]; see Denson, 180 AD3d at 450).
Finally, although IsZo Capital challenges the arbitrators' legal fee award, this argument was not preserved for our review, as they did not challenge the award before Supreme Court. In any event, IsZo Capital makes no substantive argument on appeal as to why the award is excessive.
We have considered IzSo Capital's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE [*2]SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2025