People v Darbasie (2026 NY Slip Op 00856)

People v Darbasie

2026 NY Slip Op 00856

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Moulton, J.P., Friedman, González, O'Neill Levy, Chan, JJ. 

Ind. No. 70819/23|Appeal No. 5853|Case No. 2024-04665|

[*1]The People of the State of New York, Respondent,
vSteve Darbasie, Defendant-Appellant.

The Ebanks Law Firm, PLLC, New York (Alberto Ebanks of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.

Judgment, Supreme Court, New York County (Michele S. Rodney, J.), rendered July 29, 2024, convicting defendant, after a jury trial, of intimidating a victim or witness in the third degree (three counts) and tampering with a witness in the third degree (two counts), and sentencing him to concurrent jail terms of six months, unanimously affirmed.
Defendant's legal insufficiency claim challenging the evidence of his liability as an accomplice is unpreserved, and we decline to review it in the interest of justice (see People v Gray, 86 NY2d 10, 20-21 [1995]; People v Shomo, 235 AD2d 208, 208 [1st Dept 1997], lv denied 89 NY2d 988 [1997]). With respect to defendant's legal insufficiency claims regarding the evidence that he personally wrongfully compelled the witnesses to refrain from testifying or providing information by instilling a fear of physical injury (see Penal Law §§ 215.11[1], 215.15[1]), viewing the evidence in the light most favorable to the People (see People v Kancharla, 23 NY3d 294, 302 [2014]), we find the evidence legally sufficient to establish defendant's guilt of intimidating a victim or witness in the third degree and tampering with a witness in the third degree. Defendant created a new social media account under a false name, and he composed numerous implicitly threatening social media posts, containing misleading and inflammatory edited excerpts of police interviews with the witnesses, characterizing the witnesses as "pigs," "rats," and "snitches," encouraging other users to spread the videos and share the posts, and tagging individuals mentioned by the witnesses (see People v Coursey, 250 AD2d 351 [1st Dept 1998] ["jury was entitled to draw inferences based on the surrounding events"], lv denied 92 NY2d 850 [1998]; see also People v Harris, 159 AD3d 538, 539 [1st Dept 2018], lv denied 31 NY3d 1148 [2018]). Two of the witnesses promptly reported the posts to police, alleging that someone they knew was "harassing and threatening them" online. Even after the witnesses were subjected to vandalism and harassment, and defendant was informed that his posts had potentially "spooked" the witnesses, defendant declined to remove the posts and continued posting about the witnesses' cooperation with police.
The court providently exercised its discretion by admitting evidence of the vandalism and harassment committed against two of the witnesses by codefendants (see People v Smith, 278 AD2d 154, 154 [1st Dept 2000] ["Specifically, we note that the challenged evidence concerning the conduct of a codefendant who had pleaded guilty prior to defendant's trial was clearly relevant, in context, to defendant's guilt."]), and the significant probative value of that evidence was not outweighed by any undue prejudice (see People v Mateo, 2 NY3d 383, 424-425 [2004], cert denied 542 US 946 [2004]).
The court also providently exercised its discretion by admitting police body camera footage containing hearsay statements by one of the witnesses (see People v Johnson, 1 NY3d 302, 306 [2003]). The statements were made less than half an hour after one of the codefendants smashed the witness's car window with a blackjack then ran into a nearby school; the responding officers immediately noted her agitation; and she appeared visibly distressed on the videos while speaking to the officers (see People v Hernandez, 28 NY3d 1056, 1057 [2016]; People v Nosea, 212 AD3d 511, 511-512 [1st Dept 2023], lv denied 39 NY3d 1143 [2023]). The admission of these non-testimonial statements did not violate defendant's confrontation rights, as they were made to an officer whose primary purpose was to determine what had happened and to ensure the safety of the general public (see Ohio v Clark, 576 US 237 [2015]; People v Nieves-Andino, 9 NY3d 12, 15-16 [2007]; People v Gantt, 48 AD3d 59, 71 [1st Dept 2007], lv denied 10 NY3d 765 [2008]).
The court also providently exercised its discretion by admitting surveillance video footage from the underlying homicide case. The video was relevant to material issues, including defendant's knowledge and intent, as it highlighted the crucial nature of the witness testimony (see People v Perez, 182 AD3d 454, 454 [1st Dept 2020], lv denied 35 NY3d 1029 [2020]). Moreover, the court's limiting instruction, delivered before the video was published to the jury and again during the court's charge, "minimize[d] any potential undue prejudice from the admission of evidence" (People v Frumusa, 29 NY3d 364, 373 [2017]).
The court meaningfully responded to a jury note inquiring whether the comments made on his social media posts could be viewed as "an extension of [defendant]" by advising the jury that this was a factual question for the jury to determine (see People v Malloy, 55 NY2d 296, 301 [1982], cert denied 459 US 847 [1982]). The court could not direct the jury how to evaluate the facts, so it meaningfully responded to the jury's question, and it was not required to "marshal the evidence or explain the parties' theories and proof" (People v Williams, 190 AD3d 498, 499 [1st Dept 2021], lv denied 36 NY3d 1124 [2021] [internal quotation marks omitted]). Defendant has not demonstrated that he was prejudiced by the court's response (see People v Lourido, 70 NY2d 428, 435 [1987]). The court informed the jury that it could seek additional clarification, but the jury did not ask any further questions about defendant's social media posts or comments (see People v Almodovar, 62 NY2d 126, 132 [1984]; People v Stokes, 149 AD3d 510, 511 [1st Dept 2017], lv denied 29 NY3d 1087 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026