**M & T Pretzel Inc. v VDX 351 W37th LLC**

2026 NY Slip Op 30860(U)

March 4, 2026

Supreme Court, New York County

Docket Number: Index No. 163641/2025

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**                               PART                    47

*Justice*

-----------------------------------------------------------------------------X

M & T PRETZEL INC.,

                                 Plaintiff,

                         - v -

VDX 351 W37TH LLC,

                              Defendant.

-----------------------------------------------------------------------------X

VDX 351 W37TH LLC

                         Plaintiff,

                -against-

WEST 37TH STREET ACQUISITION LLC

                              Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 163641/2025 |
| MOTION DATE | 10/15/2025, 11/12/2025 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 596109/2025

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35

were read on this motion to/for              INJUNCTION/RESTRAINING ORDER              .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 36, 37, 38, 39, 40, 41, 42, 51, 52, 53, 54, 55, 56

were read on this motion to/for              INJUNCTION/RESTRAINING ORDER              .

Upon the foregoing documents, it is

In this breach of contract/quiet title action, plaintiff, M & T Pretzel Inc., ("M&T") moves

(MS #1) for a preliminary injunction directing defendant, VDX 351 W37th LLC ("VDX") to

execute a termination of memorandum of contract, for the purchase of a property located at

349/351 and 353/355 West 37th Street, New York, NY (the "Premises"). VDX separately moves

(MS #2) for a preliminary injunction enjoining M&T from selling, transferring, conveying,

mortgaging, or otherwise encumbering the Premises.

**163641/2025   M & T PRETZEL INC. vs. VDX 351 W37TH LLC**                        **Page 1 of 4**
**Motion No.  001 002**

[* 1]

The parties entered into a contract of sale for the Premises on October 28, 2024, with M&T agreeing to sell and transfer the Premises to VDX (NYSCEF Doc No 28). On November 14, 2024 VDX deposited a $500,000 down payment to M&T. On June 17, 2025 M&T sent a "Time is of the Essence" letter to VDX setting July 10, 2025 as the Closing Date (NYSCEF Doc No 29). On June 25, 2025 VDX sent a letter rejecting the July 10, 2025 Closing Date and followed up with a second letter on July 9, 2025 explaining that it was rejecting the date because M&T would "not be able to deliver marketable and insurable title as required by, inter alia, Section 1.02 of the PSA and Section 3 of the Rider" (NYSCEF Doc Nos 4 and 30; *see also* NYSCEF Doc No 28[1]). VDX indicated that it was still ready, willing, and able to perform its obligations under the contract, provided M&T could cure its deficiencies (NYSCEF Doc No 30). VDX then failed to appear at the Closing Date and on August 1, 2025, M&T entered into a new contract of sale with third-party defendant, West 37th Street Acquisition LLC (NYSCEF Doc No 46).

"The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (*Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]). "Irreparable injury, for purposes of equity, has been held to mean any injury for which money damages are insufficient" (*DiFabio v Omnipoint Communications, Inc.*, 66 AD3d 635, 636-37 [2d Dept 2009]). There is a complete bar on equitable relief when the contract contains a liquidated damages clause which provides explicit language that the provision is the sole remedy afforded to the aggrieved party (*Granite Broadway Dev. LLC v 1711 LLC*, 44 AD3d 594 [1st

---

[1] VDX additionally based its rejection upon M&T's alleged misrepresentation that it was unaware of any pending litigation against it that may effect the Premises, and that it further failed to comply with certain conditions precedent within the Lease Rider (*id*.; *see* NYSECF Doc No 28 at p 40-41).

**163641/2025 M & T PRETZEL INC. vs. VDX 351 W37TH LLC** **Page 2 of 4**
**Motion No. 001 002**

Dept 2007]). Here, the contrast of sale provides that in the event of VDX's default, M&T's sole remedy is to retain the $500,000 down payment (NYSCEF Doc No 28 at § 13.04)[2]. The contract further provides that in the event of M&T's default, VDX shall have the right to seek specific performance (*id* § 13.05).

Here, VDX has met its burden of showing that the conveyance of the Premises to West 37th Street Acquisition LLC, creates the immediate danger of irreparable harm "on the premise that each parcel of real property is unique" and VDX will lose the opportunity to acquire the unique parcel (*EMF Gen. Contr. Corp. v Bisbee*, 6 AD3d 45, 52 [1st Dept 2004]). Further, VDX has demonstrated a likelihood of success on the merits considering the issues of fact as to which party first breached the contract (*see Lehey v Goldburt*, 90 AD3d 410, 411 [1st Dept 2011] ["the function of a provisional remedy is not to determine the ultimate rights of the parties, but to maintain the status quo until there can be a full hearing on the merits"]). Since enjoining M&T from transferring the Premises will maintain the *status quo*, the balance of equities also tilts toward VDX. Accordingly, VDX's motion for a preliminary injunction will be granted.

In contrast considering that M&T can be fully compensated through monetary relief as explicitly provided by the liquidated damages clause, and that there are issues of fact as to whether M&T or VDX first breached the contract of sale, M&T has failed to demonstrate its burden entitling it to a preliminary injunction and accordingly, its motion will be denied. Accordingly it is,

ORDERED that M&T's motion (MS #1) is denied; and it is further

ORDERED that VDX's motion (MS #2) is granted; and it is further

---

[2] Defendant failed to call the court's attention to the liquidated damages clause and the language indicating it was the plaintiff's sole remedy despite raising this argument in its Memorandum of Law.

**163641/2025   M & T PRETZEL INC. vs. VDX 351 W37TH LLC**
**Motion No.  001 002**

ORDERED that M&T, its agents, employees, and those acting in concert with it, is enjoined and restrained from selling, transferring, conveying, mortgaging, or otherwise encumbering the Subject Premises (Manhattan Block 761, Lots 5 & 7); and it is further

ORDERED that VDX shall file an undertaking pursuant to CPLR § 6312 in the amount of $50,000 within 30 days of the date of entry of this order.

20260304161439PGOETZ426AE947A25E4E8DA5F35493E11A40EA

| 3/4/2026 | | | | |
|---|---|---|---|---|
| **DATE** | | | **PAUL A. GOETZ, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**163641/2025   M & T PRETZEL INC. vs. VDX 351 W37TH LLC**
**Motion No.  001 002**

**Page 4 of 4**

[* 4]

4 of 4