■ The People of the State of New York, Respondent, v Calvin Hudson, Appellant. [935 NYS2d 883]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). This case escalated from a shoplifting into a robbery when a codefendant used force to retain stolen merchandise. The testimony and surveillance videotape support the inference that defendant physically interfered, or tried to interfere, with the store manager's efforts to recover the property from the codefendant, and that in doing so defendant intentionally participated in the codefendant's use of force.

The court, which instructed the jury that the element of intent may be inferred from circumstances, properly declined to deliver a full circumstantial evidence charge containing language about exclusion of alternative reasonable hypotheses of innocence. No such instruction was necessary, because the case was based on both direct and circumstantial evidence (see People v Roldan, 88 NY2d 826 [1996]; People v Daddona, 81 NY2d 990 [1993]). Defendant's guilt was established through direct evidence of his conduct, and the inference of accessorial liability could be drawn from that conduct. Concur—Mazzarelli, J.P., Andrias, Saxe, Freedman and Román, JJ.