THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR MORALES, Appellant. [27 NYS3d 538]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered February 20, 2015, as amended, April 6, 2015, convicting defendant, after a jury trial, of manslaughter in the first degree, attempted murder in the second degree, gang assault in the first degree, criminal possession of a weapon in the second degree and conspiracy in the fourth degree, and sentencing him to an aggregate term of 50 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing

the jury's credibility determinations, including its resolution of inconsistencies, and we reject defendant's argument that an accomplice witness's testimony was incredible as a matter of law (*see People v Fratello*, 92 NY2d 565, 574-575 [1998], *cert denied* 526 US 1068 [1999]). The accomplice corroboration requirement was satisfied by evidence that was essentially the same as at defendant's first trial. On the resulting appeal (86 AD3d 147, 161-162 [1st Dept 2011], *affd in part and revd in part on other grounds* 20 NY3d 240 [2012]), we found the corroborating evidence to be sufficient, and there is nothing in the evidence adduced at the retrial to warrant a different conclusion.

The court properly exercised its discretion in declining to expand upon the Criminal Jury Instructions regarding accessorial liability, and the additional language proposed by defendant was unnecessary (*see generally People v Samuels*, 99 NY2d 20, 25-26 [2002]). The standard instruction made clear that to find defendant criminally liable for the conduct of another, the jurors had to find that he acted with the state of mind required to commit the offense, and intentionally aided the other person to engage in such conduct.

Defendant did not preserve his challenges to the court's responses to notes from the deliberating jury, and we decline to review them in the interest of justice. Defendant agreed to the court's responses, and did nothing to alert the court that he wanted these responses to include the language he had unsuccessfully requested with regard to the main charge (*see People v Lewis*, 5 NY3d 546, 551 [2005]; *People v Whalen*, 59 NY2d 273, 280 [1983]). The circumstances do not warrant application of the futility exception to the preservation requirement (*see People v Mezon*, 80 NY2d 155, 160-161 [1992]). As an alternative holding, we find that the court provided meaningful responses when it reiterated the standard principles of accessorial liability (*see People v Almodovar*, 62 NY2d 126, 131 [1984]; *People v Malloy*, 55 NY2d 296, 301-302 [1982], *cert denied* 459 US 847 [1982]).

We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Andrias, Saxe and Kapnick, JJ.