THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH STOKES, Appellant. [52 NYS3d 326]—

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered May 1, 2014, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first and second degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life, unanimously affirmed.

The court providently exercised its discretion in denying defendant's request for new counsel, which was made on the eve of trial, and in the context of a meritless request for a last-minute adjournment. Defendant "failed to proffer specific allegations of a seemingly serious request that would require the court to engage in a minimal inquiry" (*see People v Porto*, 16 NY3d 93, 100 [2010] [internal quotation marks omitted]). Defendant, through counsel, expressed only a generalized complaint about the quality of counsel's representation, and

this complaint did not require further inquiry under all the circumstances.

The court provided a meaningful response (*see generally People v Steinberg*, 79 NY2d 673, 684-685 [1992]) to the portion of a note from the deliberating jury that asked a legal question in a form that, in the context of the case, was too abstract to answer. In essence, the court told the jury that its question was unanswerable as written, and it invited the jury to ask a more specific question if it needed additional guidance. The court had just responded to another portion of the same note by reinstructing the jury on the elements of the crimes and the concept of accessorial liability. That instruction tended to provide guidance on the issue that appeared to have prompted the jury's abstract question, and the jury did not see fit to ask a clarifying question as the court had suggested. Accordingly, we find no prejudice to defendant.

The trial court providently denied defendant's severance motion, because the defenses of defendant and his codefendant were not in "irreconcilable conflict," and there was no significant danger that "the conflict alone would lead the jury to infer defendant's guilt" (*People v Mahboubian*, 74 NY2d 174, 184 [1989]). Neither defendant acted as a second prosecutor regarding the other defendant, and in their cross-examination of witnesses and summations, neither defendant developed the inconsistency in their defenses to a point where it created prejudice.

Defendant did not preserve his claim that the court should have questioned a juror who reported to a court officer a concern about residing near a location mentioned in testimony, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Furthermore, there was no mode of proceedings error, because the court officer did not perform any judicial function, but "simply supplied information upon which the court made its own determination" (*People v Singletary*, 66 AD3d 564, 566 [1st Dept 2009], *lv denied* 13 NY3d 941 [2010]; *see also People v Kelly*, 5 NY3d 116 [2005]). The court was not obligated to personally speak with the juror, because, based on the information relayed by the officer, this was "an obviously trivial matter where the court, the attorneys, and defendant all agree[d] that there [was] no possibility that the juror's impartiality could be affected and that there [was] no reason to question the juror" (*People v Buford*, 69 NY2d 290, 299 n 4 [1987]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.