■ The People of the State of New York, Respondent, v Kevin Barton, Appellant. [55 NYS3d 20]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered May 28, 2015, convicting defendant, after a jury trial, of robbery in the second degree (two counts)

and robbery in the third degree, and sentencing him, as a second felony offender, to an aggregate term of five years, unanimously modified, on the law, to the extent of vacating the third-degree robbery conviction and dismissing that count, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). We find no reason to disturb the jury's credibility determinations or its evaluation of the surveillance videotape depicting this shoplifting that escalated into a robbery. The evidence showed that defendant and his accomplices used force against a store employee in order to retain possession of stolen merchandise. Defendant used force for that purpose personally, as well as being accessorially liable (see Penal Law § 20.00) for the use of such force by the others, even if the intent to use force in a joint effort to retain the merchandise arose spontaneously during the theft, rather than being planned in advance (see People v Hudson, 91 AD3d 489 [1st Dept 2012], lv denied 18 NY3d 995 [2012]). The evidence also supports the inference that although defendant surrendered some of the merchandise, he was aware that he was fleeing with the balance of it still in his bag.

Defendant's challenge to the court's response to a hypothetical question posed by the deliberating jury is unpreserved and we decline to review it in the interest of justice. Although defense counsel proposed a response, a colloquy ensued in which the court explained its inability to answer the question as written, and counsel clearly acquiesced in the court's decision to ask the jury for clarification (see People v Morales, 137 AD3d 576, 577 [1st Dept 2016], lv denied 28 NY3d 972 [2016]). As an alternative holding, we find that the court responded meaningfully to the jury's note when it informed it that its question was ambiguous and needed to be reformulated (see People v Stokes, 149 AD3d 510 [1st Dept 2017]; People v Padua, 297 AD2d 536, 537-539 [1st Dept 2002], lv denied 99 NY2d 562 [2002]). We reject defendant's arguments that the question needed no clarification, and that the court effectively refused to answer it. The jury neither rephrased its question, nor advised the court that it was unable to do so, and there is no indication that defendant was prejudiced by the court's response.

As the People concede, the third-degree robbery count should be dismissed as an inclusory concurrent count. Concur—Sweeny, J.P., Renwick, Andrias, Feinman and Gesmer, JJ.