People v Rodriguez (2018 NY Slip Op 03463)





People v Rodriguez


2018 NY Slip Op 03463


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


6542 5098/13

[*1]The People of the State of New York, Respondent,
v
Miguel Rodriguez, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered November 25, 2015, convicting defendant, upon his plea of guilty, of grand larceny in the third degree, and sentencing him to a term of 2&frac13; to 7 years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's request for reassignment of counsel at sentencing, and we find no basis for a new sentencing proceeding. Defendant's allegations about the deterioration of his relationship with counsel were insufficiently specific to require the court to conduct a "minimal inquiry" into the nature of the disagreement (see People v Porto, 16 NY3d 93, 101 [2010]; People v Sides, 75 NY2d 822, 824-825 [1990]). Defendant's allegations were vague and generalized, and therefore insufficient to show the court that he had a seemingly serious complaint about the representation (see e.g. People v Stokes, 149 AD3d 510 [1st Dept 2017], lv denied 29 NY3d 1087 [2017]; People v Colon, 145 AD3d 562 [1st Dept 2016], lv denied 29 NY3d 947 [2017]). In any event, the court engaged in the requisite inquiry by allowing defendant the opportunity to fully explain his complaints about counsel (see People v Nelson, 7 NY3d 833, 834 [2006]; Colon, 145 AD3d at 562).
We perceive no basis for reducing the sentence. Defendant's claim that, at the time of the plea, the court misstated the law relating to failure or inability to make restitution is unpreserved, and in any event does not warrant a sentence reduction.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK