People v Stokes (2025 NY Slip Op 00924)

People v Stokes

2025 NY Slip Op 00924

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Kern, J.P., Moulton, Kapnick, Gesmer, Pitt-Burke, JJ. 

Ind. No. 724/13 Appeal No. 3703 Case No. 2014-2798 

[*1]The People of the State of New York, Respondent,
v
Ralph Stokes, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Ying-Ying Ma of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Max Bernstein of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered May 1, 2014, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first and second degrees, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
In the appeal by defendant's codefendant, this Court previously concluded that the trial court providently denied the severance motion, as "the defenses of defendant and his codefendant were not in 'irreconcilable conflict,' and there was no significant danger that 'the conflict alone would lead the jury to infer defendant's guilt'" (People v Stokes, 149 AD3d 510, 511 [1st Dept 2017], lv denied 29 NY3d 1087 [2017], quoting People v Mahboubian, 74 NY2d 174, 184 [1989]). Further, "[n]either defendant acted as a second prosecutor regarding the other defendant, and in their cross-examination of witnesses and summations, neither defendant developed the inconsistency in their defenses to a point where it created prejudice" (id.). We find no basis to revisit that determination.
Defendant's claim related to the trial court's use of cell site location information (CSLI) pursuant to Carpenter v United States (585 US 296 [2018]) is not preserved for appellate review, and we decline to review it in the interest of justice (People v Crum, 184 AD3d 454, 455 [1st Dept 2020], lv denied 35 NY3d 1065 [2020]; see also People v Adames, 216 AD3d 519 [1st Dept 2023], lv denied 40 NY3d 949 [2023]). As an alternate holding, we find that any error in admitting the CSLI was harmless in light of the overwhelming evidence of defendant's guilt, and there was no reasonable possibility that the error might have contributed to defendant's conviction (see People v Crimmins, 36 NY2d 230 [1975]; People v Crum, 184 AD3d at 455; People v Taylor, 172 AD3d 1110, 1111 [2d Dept 2019], lv denied 33 NY3d 1109 [2019]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025